**SELECTMETRICS, INC.,**
**Plaintiff–Appellee,**

v.

**NETRATINGS, INC., Defendant–**
**Appellant.**

No. 06–35386.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed April 8, 2008.

Paul M. Murphy, Esq., Murphy & Buchal, LLP, Portland, OR, for Plaintiff–Appellee.

Richard G. Price, Esq., Kirkpatrick & Lockhart Preston Gates Ellis, LLP, John E. Kennedy, Esq., Bateman Scidel Miner Blomgren Chellis & Gram PC, Portland, OR, Elizabeth Goldberg, Esq., Eric W. Kahn, Esq., Noah M. Weiss, Esq., Bryan Cave LLP, New York, NY, for Defendant–Appellant.

Before: BERZON and BEA, Circuit Judges, and GUTIERREZ *, District Judge.

* The Honorable Philip S. Gutierrez, District Judge for the Central District of California, sitting by designation.

## MEMORANDUM **

SelectMetrics, Inc. ("SelectMetrics") appeals the district court's summary judgment ruling in favor of NetRatings, Inc. ("NetRatings") that dismissed the case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court ruled that (1) NetRatings breached the parties' contract by failing to use its best efforts to market SelectMetrics' software in China and (2) despite NetRatings' breach, NetRatings owed SelectMetrics no royalties under the contract, the only allowable damages in the case.

We review the district court's grant of summary judgment de novo. *See Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137 (9th Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 1371, 167 L.Ed.2d 159 (2007) (citing *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004)). Summary judgment may be affirmed on any ground supported by the record. *Id.* Also, the interpretation of a contract is a question of law, reviewed de novo by this Court. *Kassbaum v. Steppenwolf Productions, Inc.*, 236 F.3d 487, 490 (9th Cir.2000), *cert. denied*, 534 U.S. 815, 122 S.Ct. 41, 151 L.Ed.2d 13 (2001).

Here, the district court conducted the correct analysis in determining that NetRatings owed SelectMetrics no royalty payments under the contract, the only allowable damages in this case. The district court applied the well-established principle under Oregon law that, to interpret a contract provision, "[f]irst, the court examines the text in the disputed provision, in the context of the document as a whole. If the provision is clear, the analysis ends." *Yog-*

man v. Parrott, 325 Or. 358, 937 P.2d 1019, 1021 (1997). The district court correctly found that all the relevant terms of the contract were unambiguous.

First, the district court correctly applied the liability limitation provision in the contract. That provision explicitly limited NetRatings' potential liability to royalty payments due under the contract.

Second, the district court examined the only two royalty provisions in the contract that might have obligated NetRatings to pay royalties to SelectMetrics for licensing SelectMetrics' software to clients. The district court correctly determined that both royalty provisions only obligated NetRatings to pay royalties to SelectMetrics if NetRatings first collected "net revenue" from the clients. Unfortunately for SelectMetrics, however, "net revenue" for the disputed China clients was zero.[1] Thus, the district court correctly determined that NetRatings owed SelectMetrics no royalties under their contract, and there are no damages in this case. On this basis, the district court's dismissal of the case was proper.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Based on the structure of the parties' contract and language in the payment provisions, "net revenue" under the parties' contract is calculated on a per client contract basis.